Deutsche Bank Natl. Trust Co. v Dagrin (2024 NY Slip Op 06623)

Deutsche Bank Natl. Trust Co. v Dagrin

2024 NY Slip Op 06623

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06354
2023-05388
 (Index No. 703563/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Frantz Dagrin, et al., respondents, et al., defendants.

McCarter & English, LLP, New York, NY (Adam M. Swanson and Jessie D. Bonaros of counsel), for appellant.
David J. Broderick LLC, Forest Hills, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered June 21, 2022, and (2) an order of the same court entered April 13, 2023. The order entered June 21, 2022, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the first cause of action insofar as asserted against the defendants Frantz Dagrin and Daniella Dagrin and for an order of reference. The order entered April 13, 2023, denied the plaintiff's motion for leave to reargue those branches of its prior motion which were for summary judgment on the first cause of action insofar as asserted against the defendants Frantz Dagrin and Daniella Dagrin and for an order of reference and granted those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order entered June 21, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order entered April 13, 2023, as denied the plaintiff's motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered April 13, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Frantz Dagrin and Daniella Dagrin.
In May 2006, the defendant Frantz Dagrin executed a note and a mortgage agreement encumbering certain real property located in Far Rockaway. The note and mortgage were then assigned to the plaintiff on March 21, 2008. On March 28, 2008, the plaintiff commenced an action against, among others, Frantz Dagrin and his wife, the defendant Daniella Dagrin, who co-owned the mortgaged premises with Frantz Dagrin (hereinafter together the defendants), to foreclose the [*2]mortgage (hereinafter the 2008 action). In the complaint in the 2008 action, the plaintiff elected to accelerate the entire mortgage debt. However, on June 3, 2013, the plaintiff moved to discontinue the 2008 action. In an order entered July 10, 2013, the Supreme Court granted the motion.
In February 2018, the plaintiff commenced this action against, among others, the defendants, inter alia, to foreclose the mortgage. Thereafter, the plaintiff moved, among other things, for summary judgment on the first cause of action, seeking to foreclose the mortgage, insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. By order entered June 21, 2022, the Supreme Court, inter alia, denied those branches of the plaintiff's motion on the ground that triable issues of fact existed with respect to the plaintiff's standing to commence this action.
Thereafter, in January 2023, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred based upon the retroactive application of the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA) to this action. The plaintiff opposed the motion contending, among other things, that FAPA should not be given retroactive effect and that doing so would violate, inter alia, the Due Process, Contract, and Bill of Attainder Clauses of the United States Constitution. In an order entered April 13, 2023, the Supreme Court, among other things, granted the defendants' motion. The plaintiff appeals from the order entered June 21, 2022, and the order entered April 13, 2023.
Contrary to the plaintiff's contentions, the Supreme Court properly considered and granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916).
In Freedom Mtge. Corp. v Engel (37 NY3d 1, 32), the Court of Appeals held that "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder," thereby resetting the limitations period. However, FAPA, which was enacted after this action was commenced, effectively nullified Engel. Specifically, FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new subdivision (e), which provides that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute."
Applying FAPA here, the voluntary discontinuance of the 2008 action did not serve to de-accelerate the mortgage debt, or revive, or reset the statute of limitations (see id. § 3217[e]; Maneri v Residential Funding Co, LLC, 227 AD3d 796; Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d 641, 643; US Bank N.A. v Medianik, 223 AD3d 935, 938). Therefore, as the plaintiff commenced this action in February 2018, more than six years after the mortgage debt was initially accelerated, this action was time-barred.
Contrary to the plaintiff's contention, the Legislature intended that FAPA be applied retroactively. "The general rule is that statutes are to be construed as prospective only. It takes a clear expression of the legislative purpose to justify a retroactive application" (Jacobus v Colgate, 217 NY 235, 240 [citation omitted]). Nevertheless, "it is another axiom of statutory interpretation, and an exception to the presumption against retroactive application, that 'remedial legislation should [*3]be given retroactive effect in order to effectuate its beneficial purpose'" (Matter of Mia. S. [Michelle C.], 212 AD3d 17, 22, quoting Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122). However, "[c]lassifying a statute as 'remedial' does not automatically overcome the strong presumption of prospectivity" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 321). "Other factors in the retroactivity analysis include whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122).
Here, the Legislature did not explicitly state that FAPA should be retroactively applied, although section 10 of FAPA expressly provides that "[t]his act shall take effect immediately" (L 2022, ch 821 § 10). However, section 10 of FAPA clearly and unambiguously states that the law "shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced" (id.). Moreover, as observed by the Appellate Division, First Department, in Genovese v Nationstar Mtge. LLC (223 AD3d 37, 45), "FAPA is remedial in nature (see Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 8-9; Senate Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1, 3-4; NY Assembly Debate on 2022 Assembly Bill A7737B, Mar. 23, 2022 at 9), and the 'take-effect-immediately' language and the statements in the legislative memoranda in support of FAPA evince a sense of urgency (see Matter of Gleason, 96 NY2d at 122; Brothers v Florence, 95 NY2d [290,] 299). Additionally, FAPA was designed, in part, to rewrite unintended judicial interpretations, and to reaffirm legislative judgment about what certain laws relating to the application of the statute of limitations to mortgage foreclosure actions should be (see Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 8-9; Senate Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1, 3-4)." As such, "[u]ltimately, the Legislature's goal, expressed in the language of FAPA and its legislative history, was to see FAPA applied retroactively" (Genovese v Nationstar Mtge. LLC, 223 AD3d at 45; see 97 Lyman Ave., LLC v MTGLQ Investors, L.P., _____ AD3d _____ [Appellate Division Docket No. 2023-06623; decided herewith]; Wilmington Trust, N.A. v Farkas, _____ AD3d _____, _____, 2024 NY Slip Op 05841, *1-2 [3d Dept]; U.S. Bank v Lynch, _____ AD3d _____, _____, 2024 NY Slip Op 05261, *1-2 [3d Dept]). Moreover, consistent with this analysis, this Court has repeatedly applied FAPA retroactively in instances where the parties did not raise any issues regarding the constitutionality of its retroactive application (see e.g. Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943; Aspen Props. Group, LLC v Preston, 219 AD3d 1475; Bank of N.Y. Mellon v Norton, 219 AD3d 680).
Contrary to the plaintiff's contention, retroactive application of FAPA comports with due process. "It is well settled that '[l]egislative enactments are entitled to a strong presumption of constitutionality'" (White v Cuomo, 38 NY3d 209, 216, quoting Dalton v Pataki, 5 NY3d 243, 255 [internal quotation marks omitted]), and a party challenging the enactment's legitimacy must demonstrate its invalidity beyond a reasonable doubt (see id.). "To comport with the requirements of due process, retroactive application of a newly enacted provision must be supported by a legitimate legislative purpose furthered by rational means" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 375 [internal quotation marks omitted]). "This standard is not exacting, and the challenged legislation will survive 'so long as it is rationally related to any conceivable legitimate State purpose'" (U.S. Bank N. A. v Lynch, _____ AD3d at _____, 2024 NY Slip Op 05261, *3, quoting American Economy Ins. Co. v State of New York, 30 NY3d 136, 158).
Here, in enacting FAPA, the Legislature acted to overrule case law, most notably Engel, "that would allow noteholders to abuse the foreclosure process by manipulating and extending the statute of limitations to the detriment of homeowners" (U.S. Bank N.A. v Lynch, _____ AD3d at _____, 2024 NY Slip Op 05261, *3; see Senate Mem in Support of 2022 NY Senate Bill S5473D, Bill Jacket, L 2022, ch 821). Moreover, "[t]o prevent unintended results, the Legislature enacted FAPA to clarify the judicial process through which noteholders could recover on a mortgage debt, while also protecting homeowners from having to defend multiple foreclosure actions for lengths [*4]of time that far exceed the applicable statutes of limitations" (U.S. Bank N.A. v Lynch, _____ AD3d at _____, 2024 NY Slip Op 05261, * 3; see Wilmington Trust, N.A. v Farkas, _____ AD3d at _____, 2024 NY Slip Op 05841, *2). Since these clarifications are rationally related to the legitimate legislative purpose of "thwart[ing] and eliminat[ing] abusive and unlawful litigation tactics" (Assembly Mem in Support, Bill Jacket, L 2022, ch 821), "retroactive application of FAPA to foreclosure actions where a final judgment has not been enforced does not violate plaintiff's due process rights" (U.S. Bank N.A. v Lynch, _____ AD3d at _____, 2024 NY Slip Op 05261, *3; see American Economy Ins. Co. v State of New York, 30 NY3d at 157-159).
The plaintiff's contention that FAPA violates the Contract Clause of the United States Constitution is without merit. "The Contract[ ] Clause prohibits states from enacting '[l]aw[s] impairing the Obligation of Contracts'" (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 58, quoting US Const, art 1, § 10[1]). "The threshold inquiry is whether the state law has, in fact, operated as a substantial impairment of a contractual relationship" (Energy Reserves Group, Inc. v Kansas Power & Light Co., 459 US 400, 411 [internal quotation marks omitted]). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial" (General Motors Corp. v Romein, 503 US 181, 186).
Here, the plaintiff notes that the mortgage agreement provides it with "those rights that Applicable Law gives to lenders who hold mortgages on real property" and "is governed by federal law and the law of New York State." The plaintiff also identifies New York decisional law that allows a mortgagee to unilaterally de-accelerate a mortgage loan absent a showing of substantial prejudice (see Kilpatrick v Germania Life Ins. Co., 183 NY 163, 168; Milone v US Bank N.A., 164 AD3d 145, 155; Golden v Ramapo Improvement Corp., 78 AD2d 648, 650). Taking these provisions of the mortgage agreement together with this decisional law, the plaintiff contends that, prior to the enactment of FAPA, it possessed a contractual right to unilaterally de-accelerate the mortgage debt at issue. However, even assuming that these provisions of the mortgage agreement and New York's decisional law, taken together, granted the plaintiff such a contractual right, the plaintiff has failed to identify any contractual provision "that entitles it either to de-accelerate the loan by discontinuing a foreclosure action or to reset the statute of limitations once it has already expired" (Wilmington Trust, N.A. v Farkas, _____ AD3d at _____ , 2024 NY Slip Op 05841, *3 [emphasis added]). Notably, section 19 of the mortgage agreement, which is the only provision that appears to address de-acceleration, grants the borrower the right to have enforcement of the mortgage agreement stopped "[e]ven if Lender has required Immediate Payment in Full," provided that the borrower meets certain conditions. Additionally, at the time of the mortgage loan closing in 2006 and the commencement of the 2008 action, the issue of whether the voluntary discontinuance of an action, alone, constituted an affirmative act revoking an earlier acceleration of the mortgage debt had not yet been addressed by any of the Appellate Divisions of the Supreme Court or the Court of Appeals (see Freedom Mtge. Corp. v Engel, 37 NY3d at 28-30). Moreover, at the time that this action was commenced in 2018, the issue remained somewhat unsettled in this Court's jurisprudence (compare Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633, with NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070). Therefore, FAPA, which overturned Engel's holding to the contrary, could not be said to work a substantial impairment on the parties' contractual rights.
The plaintiff's contention that retroactive application of FAPA would amount to an unconstitutional taking is raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672). However, since the issue presents this Court with a pure question of law appearing on the face of the record that could not have been avoided if raised at the proper juncture, and the defendants have addressed the merits of this contention on appeal, this Court will address it (see MTGLQ Invs., L.P. v Baksh, 215 AD3d 666, 668).
The Takings Clause of the United States Constitution, which was made applicable to the states through the Fourteenth Amendment, "provides that 'private property' shall not 'be taken for public use, without just compensation'" (Phillips v Washington Legal Foundation, 524 US 156, 164, quoting US Const Amend V). The New York State Constitution similarly provides that "[p]rivate property shall not be taken for public use without just compensation" (NY Const, art I, § [*5]7[a]; American Economy Ins. Co. v State of New York, 30 NY3d at 155 [internal quotation marks omitted]). "The threshold step in any Takings Clause analysis is to determine whether a vested property interest has been identified" (American Economy Ins. Co. v State of New York, 30 NY3d at 155).
Here, the plaintiff has failed, as a threshold matter, to identify a vested property interest since a final judgment has not been entered in this action (see Hodes v Axelrod, 70 NY2d 364, 370). Since the plaintiff has not identified any vested property interest that has been impaired by FAPA, its Takings Clause contention must fail (see American Economy Ins. Co. v State of New York, 30 NY3d at 155). Additionally, as discussed above, contrary to the plaintiff's contention, FAPA did not take away any vested right from the plaintiff to de-accelerate the mortgage debt by voluntarily discontinuing an action to foreclose a mortgage (see generally Phillips v Washington Legal Foundation, 524 US at 163-164; American Economy Ins. Co. v State of New York, 30 NY3d at 155).
The plaintiff contends that retroactive application of FAPA violates the Bill of Attainder Clause of the United States Constitution. Article I, section 10 of the United States Constitution provides that "[n]o State shall . . . pass any Bill of Attainder" (US Const, art I, § 10[1]). This provision "prohibit[s] legislatures from singling out disfavored persons and meting out summary punishment for past conduct" (Landgraf v USI Film Products, 511 US 244, 266) and "was intended not as a narrow, technical (and therefore soon to be outmoded) prohibition, but rather as an implementation of the separation of powers, a general safeguard against legislative exercise of the judicial function, or more simply—trial by legislature" (United States v Brown, 381 US 437, 442). Essentially, then, a bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial" (Selective Serv. System v Minnesota Public Interest Research Group, 468 US 841, 846-847 [internal quotation marks omitted]).
"In deciding whether a statute inflicts forbidden punishment," the Supreme Court of the United States "ha[s] recognized three necessary inquiries: (1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, 'viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes'; and (3) whether the legislative record 'evinces a congressional intent to punish'" (id. at 852, quoting Nixon v Administrator of General Services, 433 US 425, 475-476, 478).
Here, the plaintiff has failed to establish that FAPA constitutes an unconstitutional bill of attainder, since the plaintiff cannot establish that FAPA falls within the historical meaning of legislative punishment (see Nixon v Administrator of General Services, 433 US at 473-474), or that FAPA evinces a legislative intent to punish the plaintiff. Instead, as discussed above, FAPA furthers several nonpunitive legislative goals, including the prevention of unintended results, the clarification of the judicial process through which noteholders could recover on a mortgage debt, and the protection of homeowners from having to defend multiple foreclosure actions for lengths of time that far exceed the applicable statutes of limitations (see U.S. Bank N.A. v Lynch, _____ AD3d _____, 2024 NY Slip Op 05261).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and denied those branches of the plaintiff's motion which were for summary judgment on the first cause of action insofar as asserted against the defendants and for an order of reference.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court